Wash, J.,
delivered the opinion of the Court.
From the hill and exhibits in the cause, it appears that Douchouquette, the appellant, brought an action of ejectment, in the St. Louis Circuit Court, against Gonsolis, the appellee, in which the jury returned a special verdict j on which, judgment was rendered at law for the appellant. Gonsolis, the appellant, then filed his bill in equity, and prayed an injunction, which was granted. The appellant, for answer, demurred generally to the bill, which was overruled, and a decree rendered to perpetuate the injunction 5 to reverse which, this appeal is prosecuted. The facts alledged in the hill, are precisely those stated in the special verdict, and are concisely, that said appellant, on the 23d of February, 1797, intermarried, in due form of law, with one Genevieve Charleville, with whom he lived as man and wife, until the 24th of December, 1803, when the said Pierre and Genevieve agreed to separate and live apart from each other; and to that end, executed a contract of separation, absolutely dissolving the marriage; dividing the property owned by them in community; renouncing, mutually, all rights and powers flowing from their matrimonial contract, and granting to each other the free and absolute disposition and control of their property and conduct, as if they had never been married. That the parties, Pierre and Genevieve, lived separate, until the death of the latter, in 1822; that on the 3d of December, 1808, one Pierre Chouteau was seized of the premises in dispute, and being so seized) conveyed the same to the said Genevieve, to her sole use. That said Pierre Douchouquette and Genevieve had two children, born of said marriage, of whom one died in the life time of his mother, without issue, leaving Sophia, his sister, who iptermanied with Gonsolis, the appellee, and that said Genevieve, at her death, in 1822, left a writing, purporting to be a will, by which she devised all her estate to Sophia, *477 the wife of the appellee, and through whom he derives title.- Upon this state of the record, this Court can feel no hesitation in reversing the decree of the Circuit Court, Several questions have been presented for our consideration, viz: — Were the articles of separation authorized by the laws of the land in force at that time? If so, the judgment upon the special verdict was erroneous, and the redress should have been sought by writ of error from the law side of this Court. No new matter is alledged, nor any defect of jurisdiction in the Court of law shown, by reason whereof the parties’ rights were curtailed or abridged. The articles of separation, however, were entered into, (if not the express provisions of both the civil and common law,) at least without the sanction of either, and against, what this Court is pleased to consider, the soundest principles of morality and of social policy. And though the English Court of Chancery have, of late, gone great lengths in lending their aid to the execution of such contracts, we feel no disposition to follow their example at present, and sincerely hope, that (he time is far distant, when the condition of society may make it proper for American Courts to do so. Another question, for our consideration, is, whether, in this State, real property can be conveyed to a wife, so as to deprive the husband of his curtesy without the intervention of trustees ? To which it maybe answered, that there is no provision in the Spanish laws which were in force at the period of the separation, nor in the laws enacted after the change of government, either before or since the conveyance by Chouteau to the said Genevieve, known to this Court, by which it can be sustained. By the solemn and sacred contract of marriage between the said Bierre Douchouquette and the said Genevieve Charleville, a community was established in all property, movable and immovable, then owned, or that might be acquired during their joint lives. The right of survivorship secured, to the longest liver. We have already decided, that the parties had no power, themselves, to dissolve the marriage and destroy the contract 5 and every consideration of' policy that restrains this Court from enforcing the articles of separation, weighs yet more strongly against the sole and exclusive possession by the wife of property acquired during the marriage. The conveyance by Chouteau to the sole use and enjoyment of the wife, is illegal and inoperative, so far as it seeks to exclude the husband,, and serves merely to pass the property to the community, and subject it to the law of' that contract by which the possession and enjoyment for life is secured to the-appellant.
Let the judgment of the.Circuit Court be, therefore, reversed, the injunction dissolved, and the bill dismissed, with costs.